No. 661
SPRALEY v. WATSON
Ohio Appeals, 4th Dist., Montgomery County
No. 539. Sept. 17, 1924

1063. SALES—An infant who buys an auto from one who owes part of the purchase price, and his money in part goes to the original

## STATE COURT OF APPEALS—Continued

seller to pay the debt, cannot rescind the sale and recover his money from such seller.

P9R CURIAM.

Robert O. Spraley, an infant, brought this action in the Dayton Municipal Court, by his next friend, against C. P. Watson to recover money he paid under these circumstances:

Watson was a dealer of used automobiles and sold an Oldsmobile to one Leonard W. Daugherty. Daugherty made a cash payment and gave a chattel mortgage for the remainder of the purchase money. Sometime later Daugerty sold the machine to Spraley. Both Daugherty and Spraley went to Watson, and Spraley paid to Watson the sum of $225, of which $138 was retained by Watson and the balance paid to Daugherty in pursuance to an agreement between Daugherty and Spraley. Both Watson and Daugherty testified that no new contract of sale was made and that Daugherty was not released from his contract with Watson.

The Municipal Court gave Spraley a judgment, and the case was taken by Watson to the Montgomery Common Pleas, which reveised the judgment. Spraley then carried error to the Court of Appeals, which held:

The most that can be claimed, we think, is that Watson assented to the sale by Daugherty to Spraley and received the purchase money from Spraley in pursuance to an agreement between them that he should do so. Spraley thereupon attempted to disaffirm his contract of purchase and to recover of Watson.

We think his remedy was against Daugherty and not against Watson. Spraley would be bound to disaffirm a contract with the party from whom he purchased. Watson does not stand in the attitude of having made the sale to Spraley. Consequently, we are of the opinion that Spraley could not tender back the automobile to Watson and recover from Watson. Watson had made a valid sale of the machine to Daugherty and that sale could not be rescinded or made void by the subsequent sale of the automobile to Spraley, nor did Spraley, in our judgment, have a right to recover the money paid to Watson. His remedy, in our judgment, was solely against Daugherty.

Judgment of Common Pleas affirmed.

Attorneys—Egan & Delscamp, for Spraley; F. H. & W. B. Turner, for Watson.